IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 13-cv-02162-RBJ-MEH

BRIAN GRANDELLI,

 Plaintiff,

v.

COMPANION LIFE INSURANCE COMPANY,

 Defendant.

## ORDER

 This case comes before the Court on Plaintiff's Motion for Partial Summary Judgment Re: Policy Extension of Benefits Upon Disability [Doc. #19].  The Court exercises jurisdiction over this case pursuant to 28 U.S.C. § 1332.  For the following reasons, the motion is denied.

## BACKGROUND

 On May 10, 2012, the plaintiff Brian Grandelli injured his spine while moving equipment as part of his employment as manager of a restaurant.  His workers' compensation carrier covered the treatment costs associated with this spinal injury.  During the course of treatment— some time between May 11, 2012 and May 17, 2012—it was determined that Mr. Grandelli had developed cancer on certain vertebrae of his spine, and he began receiving radiation treatment and chemotherapy to kill the cancer cells.  His workers' compensation carrier would not pay for this treatment, as his cancer developed independently of the injury he suffered at work, but it continued to pay for medical expenses related to the spinal injury.  The carrier indicated that

charges associated with the radiation treatment and chemotherapy should be submitted to Mr. Grandelli's health insurance provider.

At that time, Mr. Grandelli was enrolled in a short-term health insurance policy with the defendant, Companion Life Insurance Company ("Companion Life").  The policy was effective from December 16, 2011 until June 15, 2012.  Both parties agree that the medical bills that accrued through June 15, 2012 have been paid.  The sole issue here is whether Mr. Grandelli is entitled to judgment as a matter of law that medical expenses for cancer treatment incurred after the termination of the insurance policy are nonetheless covered.  Mr. Grandelli has moved for summary judgment on this issue.  Companion Life argues that summary judgment should be denied because genuine issues of material fact exist as to whether Mr. Grandelli met the requirements for these post-termination payments.  The Court agrees that there are genuine issues of material fact concerning this matter, and for this reason it denies Mr. Grandelli's motion.

## STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.'"  *Utah Lighthouse Ministry v. Found. for Apologetic Info. & Research*, 527 F.3d 1045, 1050 (10th Cir. 2008) (quoting Fed. R. Civ. P. 56(c)).  When deciding a motion for summary judgment, the Court considers "the factual record, together with all reasonable inferences derived therefrom, in the light most favorable to the non-moving party . . . ."  *Id.*  The moving party has the burden of producing evidence showing the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  In challenging such a showing, the non-movant "must do more than simply show

that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of a genuine fact is material if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

## ANALYSIS

Mr. Grandelli contends that under the terms of his health insurance policy, Companion Life must reimburse him for medical expenses arising from his cancer treatment through September 7, 2012, which is 90 days after his policy ended. The policy's "Extension of Benefits" provision states:

> If a covered Bodily Injury or Sickness commences while the Policy is in force as to an Insured, benefits otherwise payable under the Policy for the Injury or Sickness causing the Total Disability will also be paid for any Eligible Expenses incurred after the termination of insurance for an Insured if, from the date of such termination to the date such expenses are incurred, the Insured is Totally Disabled by reason of such Injury or Sickness. Such benefits shall be payable only during the continuance of such disability until the earlier of:
> 1. the date the Total Disability ends;
> 2. the date when treatment for the Total Disability is no longer required;
> 3. the date following a time period equal to the Insured's Policy Term, with a minimum of thirty (30) days not to exceed a maximum of ninety (90) days;
> 4. the date the Policy Term Maximum Benefit amount has been reached.

[Doc. #19-1 at 8–9]. Under the policy, "Total Disability" and "Totally Disabled" mean that the "Insured is disabled and prevented from performing the material and substantial duties of his or her occupation." *Id.* at 6.

Mr. Grandelli argues that the cancer caused him to become totally disabled, and that his total disability lasted through September 7, 2012. His sworn affidavit states:

From my own estimation, I was in fact fully disabled starting in May 2012 and through October 15, 2012 insofar as my physical symptoms and conditions were debilitating, caused extreme and excessive fatigue, and generally prohibited me from undertaking the normal activities of my prior daily living such as working and other functions. I followed my doctor's advice and did not return to work or otherwise exert myself physically throughout the entire course of care which continued through the summer and into the fall of 2012.

[Doc. #21-1 at ¶ 4].

Companion Life contests these assertions. First, it argues that the medical records suggest that Mr. Grandelli suffered minor pain and was able to carry on normal daily activities. Mr. Grandelli, in response, contends that the medical records are being taken out of context, and that his ability to perform normal daily activities does not go to his ability to perform the "material and substantial duties" of his work. Second, Companion Life contends that Mr. Grandelli could not have been totally disabled past August 16, 2012 because he returned to work part time on that date. In response, Mr. Grandelli argues that the ability to perform part-time work does not preclude a finding that he was totally disabled because he could not perform the "material and substantial duties" of his occupation—in particular, he could only work part time and he was restricted to lifting no more than 10 pounds.

Companion Life asserts that even if Mr. Grandelli is found to have been totally disabled through September 7, 2012, a genuine dispute of material fact exists as to whether he was unable to perform the material and substantial duties of his occupation because of his spinal injury— which both parties agree was not covered by his insurance policy—or because of his cancer treatment. As it points out, the "Extension of Benefits" provision only applies if the total disability is caused by a covered injury or sickness. The defendant contends that the medical records support a finding that it was Mr. Grandelli's spinal injury, not his cancer treatment, that prevented Mr. Grandelli from performing the material and substantial duties of his occupation.

In particular, Companion Life argues that it was Mr. Grandelli's spinal injury that caused him to have to wear a brace and to refrain from heavy lifting and straining.

The Court has reviewed all of the pleadings, discovery and disclosure materials on file, and Mr. Grandelli's sworn affidavit.  In doing so, and in reviewing the arguments of both parties, the Court is persuaded that genuine issues of material fact exist regarding whether Mr. Grandelli was totally disabled after June 15, 2012—and if so, until what date—and if he was, whether his total disability resulted from his spinal injury or his cancer treatment.  For these reasons, the Court is bound to deny the motion.

**ORDER**

For the foregoing reasons, Plaintiff's Motion for Partial Summary Judgment Re: Policy Extension of Benefits Upon Disability [Doc. #19] is DENIED.

DATED this 10th day of April, 2014.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge