IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 13-cv-02162-RBJ-MEH

BRIAN GRANDELLI,

    Plaintiff,

v.

COMPANION LIFE INSURANCE COMPANY,

    Defendant.

## ORDER

This case comes before the Court on Plaintiff's Motion for Partial Summary Judgment Re: Application of Contracted Medical Rates [ECF No. 26] and Defendant's Cross-Motion for Partial Summary Judgment Re: Application of Contracted Medical Rates [ECF No. 39]. Plaintiff invokes jurisdiction pursuant to 28 U.S.C. § 1332. The cross-motions are denied.

The Court will also take a moment at the end to address the plaintiff's latest motion, entitled Plaintiff's Motion for Partial Summary Judgment Re: Second Policy Purported Misrepresentation Defense [ECF No. 58]. Although the defendant's time to respond has not expired, it is evident on the face of the motion (and given the Court's knowledge of the case through the several other dispositive motions that have been filed) that there is a genuine dispute of material fact that requires the denial of that motion as well.

## BACKGROUND

On May 10, 2012, the plaintiff Brian Grandelli injured his spine while moving equipment as part of his employment as manager of a restaurant. His workers' compensation carrier

covered the treatment costs associated with this spinal injury.  During the course of treatment, it was determined that Mr. Grandelli had developed cancer on certain vertebrae of his spine, and he began receiving radiation treatment and chemotherapy to kill the cancer cells.  Mr. Grandelli submitted the charges associated with the radiation treatment and chemotherapy to Companion, his health insurance provider.

While certain payments remain outstanding and in dispute in this action, these cross-motions for partial summary judgment concern payments already made by Companion to two treatment providers: Presbyterian St. Luke Medical Center ("PSL") and Rose Medical Center ("RMC").  There is no dispute that Companion made payments to PSL and RMC, and that the only amounts the hospitals consider outstanding are Mr. Grandelli's deductible and co-insurance obligations.  The matter at issue is whether Companion was permitted by law to make discounted payments pursuant to agreements with the hospitals, or whether it was obligated to pay the full bill originally issued.

## STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.'" *Utah Lighthouse Ministry v. Found. for Apologetic Info. & Research*, 527 F.3d 1045, 1050 (10th Cir. 2008) (quoting Fed. R. Civ. P. 56(c)).  When deciding a motion for summary judgment, the Court considers "the factual record, together with all reasonable inferences derived therefrom, in the light most favorable to the non-moving party . . . ." *Id.*  The moving party has the burden of producing evidence showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  In challenging such a showing, the non-movant "must do more than simply show

that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of a genuine fact is material if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

## ANALYSIS

**I. Cross Motions for Partial Summary Judgment Re: Application of Contracted Medical Rates [ECF Nos. 26, 39]**

This issue comes before the court because Companion made payments to PSL and RMC at a discounted rate as opposed to at the "reasonable and customary" rate, i.e., the amount originally billed. Mr. Grandelli argues that Companion was not legally permitted to pay PSL or RMC at discounted rates and asks this Court to require Companion "to make full payment of all treatment charges which were reduced." [ECF No. 26 at 11]. Yet, neither hospital contests the payments it received or is attempting to secure the balance of the original bills from Mr. Grandelli. [*See* ECF Nos. 39-6, 46-1]. To be frank, it is unclear why this matter is before the Court at all. Mr. Grandelli has no authority to bring a claim on behalf of PSL or RMC, and the Court is aware of no injury directly befalling Mr. Grandelli.

"[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshhold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983) (citations omitted). "[T]he irreducible constitutional minimum of standing contains three elements." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). First, the plaintiff must suffer an "injury in fact" that is (a)

concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990). Second, there must be a causal connection between the injury and the conduct complained of. *Lujan*, 504 U.S. at 560. Finally, it must be likely, not merely speculative, that the injury will be redressed by a favorable decision. *Id.* at 561.

Standing is "an indispensable part of the plaintiff's case" such that "each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation." *Id.* At the summary judgment stage, the plaintiff "must set forth by affidavit or other evidence 'specific facts'" supporting standing. *Id.* (citing Fed. R. Civ. P. 56(e)). "A federal court is powerless to create its own jurisdiction by embellishing otherwise deficient allegations of standing." *Whitmore*, 495 U.S. at 155–56.

The plaintiff fails to show that he has suffered an "injury in fact." "Abstract injury is not enough." *Lyons*, 461 U.S. 95 at 101. "The plaintiff must show that he 'has sustained or is immediately in danger of sustaining some direct injury' . . . and the injury or threat of injury must be both 'real and immediate,' not 'conjectural' or 'hypothetical.'" *Id.* at 101–02 (citations omitted). Mr. Grandelli has filed no affidavit alleging and has put forth no other evidence showing that he has sustained or is in immediate danger of sustaining some direct injury. In fact, the only argument concerning injury is made by plaintiff's counsel in its brief to the Court, and it is conjectural at best. In particular, Mr. Grandelli's counsel argues that if PSL or RMC should one day contest the reduced payments each received, Mr. Grandelli would be liable for the difference between the discounted rates and the billed amount. [*See* ECF No. 26 at 9–10]. Further, counsel argues that Mr. Grandelli has "an affirmative obligation" to inform the hospitals

4

about the allegedly incorrect payments they received, lest he be "complicit in the method of conducting business utilized by Companion." *Id.* at 10.

Mr. Grandelli is free to communicate with the hospitals about whatever he so chooses. Simply because he believes he has a legal or moral duty to disclose information to them—information which seems to have already been disclosed considering the affidavits prepared by PSL and RMC representatives [*See* ECF Nos. 39-6, 46-1]—does not mean that he also has standing to seek the relief requested. Mr. Grandelli has suffered no "actual injury," and future injury is conjectural at best.

Because the plaintiff does not have standing to bring this motion, Companion's cross-motion for summary judgment is moot.

## II. Plaintiff's Motion for Partial Summary Judgment Re: Second Policy Purported Misrepresentation Defense [ECF No. 58]

Just before issuing this order it came to my attention that the plaintiff filed yet another motion for partial summary judgment in this action. As both parties know, trial is fast approaching. While this motion was filed prior to the dispositive motions filing deadline (April 30, 2014), the motions that have been filed to date have been replete with genuine disputes of material fact. This most recent motion is no different. In it, the plaintiff asserts that Companion knew of his medical condition such that he could not be held accountable for allegedly providing false information in his policy application. I have no doubt that Companion will deny this allegation, and will instead provide documents of its own purporting the opposite. The arguments, like those raised in the past, are a classic "he said, she said" dispute. Disagreements over what the parties subjectively knew at what time are not apt for resolution on summary judgment, and instead must be heard by the trier of fact.

In this latest motion the plaintiff indicates that he will be filing yet another motion for partial summary judgment before the filing deadline. [*See* ECF No. 58 at 3]. Filing a stream of motions for summary or partial summary judgment creates expenditures of time by the defendant and additional attorney's fees on both sides. Accordingly, unless the plaintiff (or the defendant) can present an issue of law to be decided by the Court on truly undisputed facts—which hasn't happened yet—I request that no additional dispositive motions be filed.

## ORDER

For the foregoing reasons, all three Motions for Partial Summary Judgment [ECF Nos. 26, 39, 58] are DENIED.

DATED this 28th day of April, 2014.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge